IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, Plaintiff, vs. RUEBEN NATIONAL McDOWELL, Defendant. | CR-01-124-GF-DLC-RKS<br><br>**FINDINGS AND RECOMMENDATION TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
|---|---|

## I. Synopsis

Mr. McDowell was accused of violating his conditions of supervised release by consuming alcohol and failing to notify his probation officer that he had been arrested. He admitted to the violation. Mr. McDowell should be incarcerated for 12 months and one day, with 36 months supervised release to follow.

## II. Status

Mr. McDowell pled guilty in 2002 to Conspiracy to Distribute Methamphetamine. CD 16. He was sentenced to 130 months imprisonment, with

1

five years supervised release to follow.  CD 26.  Mr. McDowell began supervised release in May 2012, but had it revoked two months later because he violated the conditions by committing a new crime, possessing a knife, and consuming alcohol.  CD 35, 43.  He was ordered to serve 12 months in custody, with 48 months supervised release to follow.  CD 44.  Mr. McDowell began his current term of supervised release on July 6, 2013.  CD 46.

**Petition**

The United States Probation Office filed a petition on July 26, 2013, asking the court to revoke Mr. McDowell's supervised release.  CD 46.  The petition alleged that Mr. McDowell violated four conditions of his supervised release.  It alleged he 1) violated Standard Condition #11 by failing to notify his probation officer within 72 hours that he was arrested for public intoxication on July 15, 2013; 2) violated Special Condition #3 by consuming alcohol, for which he tested positive on July 15, 2013; 3) violated Standard Condition #2 by failing to report to the United States Probation Officer after he was released from tribal custody, as he was directed on July 16, 2013 to do; 4) violated Standard Condition #9 by associating with a convicted felon on July 15, 2013, when Mr. McDowell was a passenger in a car driven by a convicted felon who allegedly fled from police. CD 46. Based on the petition, the undersigned issued a warrant for Mr. McDowell's

arrest. CD 47.

**Initial appearance**

Mr. McDowell was arrested on August 5, 2013. He made an initial appearance before the undersigned on August 6. He was accompanied by Federal Defender Anthony Gallagher, who was appointed to represent Mr. McDowell. Assistant United States Attorney Ryan Weldon represented the United States. CD 48.

Mr. McDowell said he had read and understood the accusations. Mr. Weldon stated that Mr. McDowell could be imprisoned for up to 48 months if his supervised release is revoked. Mr. Gallagher agreed. Mr. McDowell waived his right to a preliminary hearing, and said he would like to proceed immediately to a revocation hearing. The revocation hearing commenced. CD 48.

**Revocation hearing**

Mr. McDowell appeared at the revocation hearing with his attorney, Mr. Gallagher. Mr. Weldon represented the United States. Mr. McDowell admitted to violating four conditions of his supervised release, as set forth in the petition.

The undersigned believes Mr. McDowell's admission adequately establish supervised release violations, and that the violations require revocation of his supervised release. Mr. McDowell's violation Grade is C, his criminal history

category is VI, and his underlying offense is a Class A felony. He could be ordered to serve up to 48 months in prison, but the United States Sentencing Guidelines call for 8 to 14 months imprisonment. Up to 48 months supervised release could be imposed, less any time Mr. McDowell is ordered to spend in custody. Mr. Weldon and Mr. Gallagher agreed with those calculations.

Mr. Gallagher requested a sanction consisting of eight months imprisonment with some period of supervised release to follow or, alternatively, 14 months imprisonment with no supervised release to follow. Mr. Gallagher said that Mr. McDowell is a talented artist, who is sought after by employers and customers for his tattoo skills. Mr. McDowell is therefore capable of supporting himself and contributing to society, Mr. Gallagher argued. But Mr. McDowell does poorly on supervised release, as he "chomps at the bit," Mr. Gallagher said.

Mr. McDowell addressed the court. He apologized for his violations, and explained that each time he is released from prison he gets caught up with old friends in a lifestyle that does not comport with supervised release conditions.

Mr. Weldon requested a 12-month prison term with supervised release to follow. Mr. Weldon said a significant sanction is warranted because Mr. McDowell has already had his supervised release revoked once, and again violated conditions within weeks of his release. Mr. Weldon urged the court to impose

supervised release, despite its lack of success in this case so far, because it is necessary to help Mr. McDowell reintegrate into society and to protect the community.

### III. Analysis

Mr. McDowell's supervised release should be revoked. He admitted to violating four conditions of his supervised release in just the first few weeks of his term. He was on notice of the potential consequences of the violations, as he had previously had his supervised release revoked.

Mr. McDowell should be committed to the Bureau of Prisons for 12 months and one day.[1] A sanction in the middle of the guideline range is appropriate. Mr. McDowell began violating his conditions almost immediately upon his release, and violated four conditions within a short period. Mr. McDowell's underlying offense was a serious crime involving methamphetamine distribution, which is a scourge to the community. However, Mr. McDowell does have a marketable skill – tattoo artistry. He worked in that field almost immediately after his release from prison, right up until his arrest. The undersigned believes the ability and willingness to work weigh in Mr. McDowell's favor, and justify a slightly shorter period of

---

[1] The undersigned expressed an intention to recommend 12 months incarceration. Mr. Gallagher requested the additional day, explaining that by being committed for more than one year, Mr. McDowell would be eligible for good behavior credit that may earn his release sooner than if he were committed for exactly a year.

5

incarceration than would otherwise be recommended.

Mr. McDowell should be placed on supervised release for 36 months after his custodial term. Although Mr. McDowell has so far completely failed to benefit from supervised release, the undersigned believes it remains necessary in his case. Supervision may help Mr. McDowell resist the substance abuse and negative influences that have waylaid him in the past. Even if Mr. McDowell does not benefit from supervised release, the public will. His underlying offense endangered the community, and both times he has been on supervised release Mr. McDowell was arrested for new crimes while intoxicated. The undersigned believes Mr. McDowell has the potential to abide by the law and focus on his art in the future. But the conditions of supervised release are necessary to protect the community if he does not.

## IV. Conclusion

Mr. McDowell was advised that the above sentence would be recommended to Judge Christensen. He was reminded of his right to object to the recommendation within 14 days of its issuance. He was also reminded of his right to allocute before Judge Christensen, so long as he properly objects to this recommendation.

The court FINDS:

1. Mr. McDowell violated Standard Condition #11 by failing to notify his probation officer within 72 hours that he was arrested for public intoxication on July 15, 2013.

2. Mr. McDowell violated Special Condition #3 by consuming alcohol, for which he tested positive on July 15, 2013.

3. Mr. McDowell violated Standard Condition #2 by failing to report to the United States Probation Officer, as he was directed to do on July 16, 2013.

4. Mr. McDowell violated Standard Condition #9 by associating with a convicted felon on July 15, 2013.

The court RECOMMENDS:

1. The District Court should enter the attached Judgment, revoking Mr. McDowell's supervised release and committing him to the custody of the United States Bureau of Prisons for 12 months, with 36 months supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive

the right to appear and allocute before a district judge.

Dated the 22nd day of August, 2013.

/s/Keith Strong
Keith Strong
United States Magistrate Judge