IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> RUEBEN NATHANIEL McDOWELL, <br><br> Defendant. | CR-01-124-GF-BMM-1 <br><br> **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |

## I. Synopsis

Mr. McDowell was accused of violating his conditions of supervised release by failing to follow the instructions of his probation officer and failing to notify his probation officer at least ten days prior to any change in employment. He admitted to the violations. Mr. McDowell's supervised release should be revoked. He should be placed in custody for fourteen months, with no supervised release to follow.

## II. Status

In April 2002, Mr. McDowell pleaded guilty to the offense of Conspiracy to Distribute a Controlled Substance. Doc. 16. He was sentenced to 130 months of incarceration, with five years supervised release to follow. Doc. 26.

Mr. McDowell began supervised release in May 2012, but had it revoked

two months later because he violated the conditions by committing a new crime, possessing a knife, and consuming alcohol. He was sentenced to 12 months of incarceration, followed by 48 months of supervised release. Doc. 44.

Mr. McDowell's second term of supervised release began on July 6, 2013. Doc. 46. In September 2013, Mr. McDowell's supervised release was revoked because he violated the conditions by consuming alcohol, failing to notify his probation officer within 72 hours that he was arrested for public intoxication, failing to report to the probation officer as directed, and associating with a convicted felon. Mr. McDowell was sentenced to 12 months and one day of incarceration, followed by 36 months of supervised release. Doc. 57.

Mr. McDowell's third term of supervised release began on June 27, 2014. Doc. 59. On August 25, 2014, his supervised release was revoked because he violated the conditions by failing to report to the probation officer within 72 hours of his release from custody. He was sentenced to eight months of incarceration, with 28 months of supervised release to follow. Doc. 72. Mr. McDowell's current term of supervised release began on March 5, 2015. Doc. 75.

**Petition**

On March 24, 2015, the United States Probation Office filed a petition asking the Court to revoke Mr. McDowell's supervised release. In the petition, the Probation Office accused Mr. McDowell of violating Standard Condition 3 of his

supervised release by failing to follow the instructions of the probation officer. The Probation Office also accused Mr. McDowell of violating Standard Condition 6 of his supervised release by failing to notify the probation officer at least ten days prior to any change in employment. Doc. 75. Based on the petition, United States District Judge Brian Morris issued a warrant for Mr. McDowell's arrest. Doc. 76.

**Initial appearance**

Mr. McDowell appeared before the undersigned on April 2, 2015, in Great Falls, Montana. Federal Defender Anthony R. Gallagher accompanied him at the initial appearance. Assistant United States Attorney Bryan Dake represented the United States.

Mr. McDowell said he had read the petition and understood the allegations. Mr. McDowell waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

On April 2, 2015, Mr. McDowell appeared with Mr. Gallagher before the undersigned for a revocation hearing. Assistant United States Attorney Bryan Dake appeared on behalf of the United States.

Mr. McDowell admitted that he violated the conditions of his supervised release. The violations are serious and warrant revocation of Mr. McDowell's supervised release.

Mr. McDowell's violation grade is Grade C, his criminal history category is VI, and his underlying offense is a Class A felony. He could be incarcerated for up to 28 months. He could be ordered to remain on supervised release for up to 28 months, less any custody time imposed. The United States Sentencing Guidelines call for eight to 14 months in custody.

The parties recommended a sentence at the high end of the guideline range. Mr. Gallagher recommended a sentence of 14 months of incarceration, with no term of supervised release to follow. Though Mr. Dake voiced the United States's concern about the Court not imposing a term of supervised release, he concurred with Mr. Gallagher's recommendation. Mr. McDowell addressed the Court and said supervised release is not working for him, and he is anxious to move on.

### III.  Analysis

Mr. McDowell's supervised release should be revoked because he admitted violating its conditions. Mr. McDowell should be sentenced to 14 months of incarceration, with no supervised release to follow. A custodial sanction at the high end of the guideline range is warranted given Mr. McDowell's repeated violations. Mr. McDowell has flouted conditions designed to benefit both himself and the community to which he was released. In his most recent supervised release period, Mr. McDowell went less than three weeks before the Probation Office filed its petition to revoke, and in the last three years, Mr. McDowell has not lasted more

than two months at a time on supervised release.

Supervised release should be discontinued. It is not effective in this case as Mr. McDowell is unwilling to comply with the conditions. Continued supervision would be a poor use of government resources and is likely to simply result in Mr. McDowell's return to incarceration.

## IV. Conclusion

Mr. McDowell was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider Mr. McDowell's objection, if it is filed within the allotted time, before making a final determination on whether to revoke Mr. McDowell's supervised release and what, if any, sanction to impose. The Court **FINDS:**

1. Rueben McDowell violated Standard Condition 3 of his supervised release by follow the instructions of his probation officer on March 10, 2015, and March 16, 2015.

2. Rueben McDowell violated Standard Condition 6 of his supervised release by failing to notify his probation officer at least ten days prior to a change in employment in March 2015.

The Court **RECOMMENDS:**

> The District Court should enter the attached Judgment, revoking Mr. McDowell's supervised release and

committing Mr. McDowell to the custody of the United States Bureau of Prisons for 14 months, with no supervised release to follow.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 2nd day of April, 2015.

John Johnston
United States Magistrate Judge